McGREGOR W. SCOTT
United States Attorney
LAURA D. WITHERS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00233-LJO |
|---|---|
| Plaintiff, | STIPULATION FOR COMPTENCY EXAMINATION; ORDER |
| v. | DATE: January 21, 2020 |
| IVAN ISHO, | TIME: 8:30 a.m. |
| Defendant. | COURT: Hon. Lawrence J. O'Neill |

THE PARTIES TO THIS ACTION HEREBY STIPULATE, by and through their respective attorneys of record and in accordance with what was stated to the Court during status conferences on January 6 and January 21, 2020 about the defendant's competency, to the following court order:

"It appearing to the Court that defendant IVAN ISHO was indicted on October 18, 2018 for violations of 18 U.S.C. §§ 1343, 912, and 2261A(2)(B); that representations have been made by defense counsel that defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he may be unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; that defense counsel has obtained a written report in support of this representation; and that defendant stipulates to being committed to the custody of the Attorney General for an additional psychiatric or psychological examination to determine the defendant's mental competency to stand trial;

IT IS, THEREFORE, ORDERED THAT:

1. Pursuant to 18 U.S.C. §§ 4241 and 4247(b), the defendant is to be committed to the

STIPULATION RE: COMPETENCY EXAMINATION;
[PROPOSED] ORDER

1

custody of the Attorney General for placement in a suitable facility to be examined for a reasonable period, but not to exceed thirty days. Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the Court.

2. The director of the facility may apply for a reasonable extension, but not to exceed fifteen additional days, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

3. The psychiatric or psychological examination shall be conducted by a licensed or certified psychiatrist or psychologist or, if appropriate, by more than one such examiner.

4. The psychiatrists or psychologists at the designated facility are ordered to file a psychiatric or psychological report with the Court, with copies provided to counsel for the defendant and the attorney for the government. The report shall include the information required by 18 U.S.C. § 4247(c), to wit:

    A. The defendant's history and present symptoms;

    B. A description of the psychiatric, psychological, and medical tests that were employed and their results;

    C. The examiner's findings; and

    D. The examiner's opinion as to diagnosis, prognosis, and whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

5. The defendant is ordered to provide any medical documentation in his custody, if any can be located, that is relevant to his examination to the U.S. Marshal's Service in Fresno, California, by Friday, January 24, 2020. Upon receipt of this documentation, the U.S. Marshal's Service will forward it to the Bureau of Prisons so that the Bureau can determine a proper facility at which to place him for this examination. This documentation would best include those records relevant to the examination, including those relevant to defendant's competency, defendant's current medical prescriptions, and the extent to which the defendant is able to be transported by airplane.

6. The defendant shall remain in custody through the completion of his examination. The

parties shall promptly ask that these matters be calendared on the Court's next available date upon his release from the Bureau of Prisons back to the custody of the U.S. Marshal. Counsel for the parties shall next appear before the Court for a status conference on Friday, March 13, 2020 at 8:30 am. If the parties determine that more time is necessary for the competency examination to conclude before this date, they may file a stipulation stating the reasons why this date should be continued.

7. The trial date presently scheduled for February 25, 2020 is vacated. The time between January 21, 2020 and March 13, 2020, inclusive, is excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), for "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." Good cause exists for the vacatur of the trial date and continuance of a status conference, and time is further excluded as the ends of justice outweigh the interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A)."

Dated: January 17, 2020

McGREGOR W. SCOTT
United States Attorney

By: /s/ LAURA D. WITHERS
LAURA D. WITHERS
Assistant United States Attorney

Dated: January 17, 2020

By: /s/ JOHN MEYER
JOHN MEYER
Counsel for Defendant Ivan Isho

**ORDER**

IT IS SO ORDERED.

Dated: **January 16, 2020**        /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

STIPULATION RE: COMPETENCY EXAMINATION;
[PROPOSED] ORDER

3